We're ready now for our third case of the day, United States v. Lopez. Ms. Lopez. May it please the Court, Counsel for the Government. We're here today to ask this Court to reverse Mr. Lopez's conviction on Count 1 of the indictment because the government failed to prove that Mr. Lopez attempted to possess the 10 ounces of methamphetamine from George Salinas. More specifically, the conviction on Count 1 cannot stand because the government did not prove that Mr. Lopez took a substantial step toward the commission of the underlying offense. If Mr. Lopez had proceeded to the Walmart lot himself, rather than sending Mr. Linares to meet Mr. Salinas, would you still argue that he failed to take a substantial step toward completion of the offense? Your Honor, I would still argue that he failed to take a substantial step toward completion of the offense because the agents in this case did not wait until the transaction occurred between Mr. Salinas and Mr. Linares, regardless if it was Mr. Lopez that had arrived at the Walmart or if it was Mr. Linares. The transaction had not yet been completed. Furthermore, there was no money that was found on Mr. Linares and the details of the transaction had not been completely finalized yet at that point. But wouldn't that change the nature from an attempt into a substantive transaction if they had waited for it to go forward? Yes, Your Honor, that would change the nature. But in this case, Mr. Lopez, by him not being there or anywhere in the area, or by Mr. Linares not having any money on him to complete the transaction, we contend that there was no substantial step to take place. Additionally, the fact that Mr. Lopez was nowhere in sight and Mr. Linares did not even know where he was allegedly supposed to take Mr. Lopez, if it was even Mr. Lopez that he was to take Mr. Salinas to. And secondly, we are also asking the district court to vacate and remand Mr. Lopez's life sentence because the district court improperly enhanced his sentence under the 841 recidivist provision from 20 years to life based on a deferred adjudication that occurred in Texas in 1999. We maintain that this deferred adjudication did not result in a conviction and it should not be counted as a sentence to enhance Mr. Lopez's time from 20 years to life imprisonment. Well, whether it counts as a conviction under Texas law depends on what Texas thinks. I was struck by the fact that your brief cites only one Texas case, and it's actually adverse to your position. Is there some Texas law that you are relying on? Well, we're relying on the Texas statute that states the Article 42.12, Section 5C, that states that a dismissal and discharge under this section is not a conviction. And we are relying on that for the proposition that no Texas case. The statute has, of course, been considered by the Fifth Circuit at least twice, in Cisneros and Fazande, and it looks like you're asking us to create a conflict among the circuits without pointing to any Texas interpretation of that statute. I would point to the Altieri case out of the District of Maine, which held that a deferred adjudication is not a prior conviction based on this completion period. That doesn't sound like a Texas decision. I'm not relying on any Texas cases because federal law is controlling in this court as opposed to the Texas law. In regard to the Cisneros case, I would respectfully submit that this court not— But why is federal law controlling? I'm sorry, Your Honor. Why is federal law controlling? 18 U.S.C. 920.21 says that for most purposes, whether something counts as a conviction depends on state law, not federal law. Yes, Your Honor, that's correct. But in this case, I was relying on the prior decisions that were cited by— If you're relying wholly on federal law, then you need to discuss Dickerson against New Banner Institute, which held that as a matter of federal law, a plea without a formal judgment is a conviction. Yes, Your Honor, and in the Dickerson case, I would also— I know that the Cisneros case relied on the Dickerson case. However, in the Dickerson case, that was more about a loss of a privilege, whereas what we have here is a loss of liberty. The Dickerson case— That's not what Dickerson turned on. The clean holding of Dickerson is that a guilty plea without a judgment in state court counts as a conviction for purposes of federal law. Now, under 921.20, as amended after Dickerson, you might be entitled to rely on state law. That's why the Fifth Circuit decisions are discussing Texas law. But I just don't read your brief as making any argument based on Texas law that's incompatible with the Fifth Circuit. Am I missing something? Your Honor, I would respectfully disagree that we are not relying on the Texas law. We're relying on what we were given, what we're provided by federal law, which is that federal law should guide the holding. And the reason why Cisneros, I believe, relied on Dickerson is because of what Your Honor just said, that the fact of when you plead guilty, that is the sentence in and of itself, and that is the conviction. However, in the Dickerson case, it was about a man who was denied the privilege of having a gun license based on a prior conviction. What we're dealing here is not a privilege. We are dealing with a loss of liberty. We are dealing with a grave loss of liberty here. We are dealing with a man who would have faced a 20-year mandatory minimum sentence, who now was sentenced to the grave sentence of life imprisonment. So he went from having an outdate to having no outdate. Do you know if there are any Texas cases that address the statute you just identified that say this should not be a conviction? I didn't see any in your brief. Yes, Your Honor. We didn't focus on that in the brief for the understanding that we're in federal court and we're seeking to not have the deferred adjudication count under the 851 enhancement, whereas we're not relying on Texas law. Ms. Lopez, other than the PSR, there's nothing in the record about this conviction. Are you disputing that he pled guilty to an offense and thereafter received a deferred prosecution? No, we're not disputing the fact that he pled guilty. He did plead guilty, and he was given a sentence of deferred adjudication. And it was his understanding that the deferred adjudication would not count as a conviction based on what he was told by his attorney in Texas. And for that reason, we are contesting the fact that this is even a conviction, because it was his understanding that once he pleaded guilty and completed his community supervision, that this would not count. How is that compatible with the Supreme Court's holding in Custis against the United States? Your Honor, I'm not familiar with the Custis argument. It's in the nature of an ineffective assistance argument. And Custis holds that an ineffective assistance argument cannot be made to avoid a recidivist enhancement under federal law. And I'm not— The only argument that is possible is that the defendant simply did not have a lawyer. In other words, that there was a violation of Gideon against Wainwright. Yes, Your Honor. And I'm not—for purposes of today's appeal, I'm not relying on an ineffective assistance claim. I'm simply stating that— But you aren't making a Gideon argument. No, I'm not making a Gideon argument. Well, Custis holds that the only available argument is a Gideon argument. And if you're not making it, well, there you are. I'm relying on the recent Seventh Circuit case of Areola-Castillo, where this court held earlier in the year that the 851E does not bar the defendant from challenging the validity of a conviction. And in the Castillo case, Mr. Castillo waited until after he was convicted and sentenced in federal court to then raise the challenge of whether or not his prior convictions were valid. That's the holding of Johnson, also in the Supreme Court. You can go back to state court and bring a collateral attack, but you can't bring an indirect collateral attack in the recidivist prosecution. That's where Custis and Johnson and a bunch of other cases leave you. But what you're trying to do is bring an indirect collateral attack in the prosecution with the recidivist enhancement. We're also arguing the procedural errors of the 851 colicky. We are arguing that because Mr. Lopez faced the grave sentence of life imprisonment that the district court did not properly follow the procedures of 851. Namely, district court Judge Bruce did not ask Mr. Lopez whether he affirmed or denied the existence of his prior convictions. And for that reason, that error was not harmless, and this court should reverse based on that error alone of him failing to conduct that colicky. Would the judge's question before sentencing of Mr. Lopez with respect to the PSR, namely asking him if he had any objections to the PSR which contained the convictions, would that satisfy the procedural requirement of 851? No, Your Honor, because the procedural requirement of 851 specifically states that the court shall, before pronouncement of sentence, inquire of the person to whom the information was filed and ask whether he affirms or denies that he has been previously convicted. Simply asking Mr. Lopez whether he agrees or disagrees with anything in the PSR is too vague. The district court in this case needed to conduct the specific inquiry and specifically ask him whether he affirmed or denied that conviction. He was not given that opportunity to be heard, and the statutory, the 851 statute is there to provide procedural safeguards for Mr. Lopez, specifically because he is facing this grave. He is currently serving a life sentence in prison, and he was denied this opportunity, and because of that, he was denied the opportunity to affirm or deny. What could he have said in the district court? He could have denied. The judge, first of all, could have inquired whether or not he affirmed or denied the conviction, and then Mr. Lopez would have had the opportunity to be heard and say, I deny that this is a conviction for whatever reasons he believes that he has a conviction. But he needs to give a legally sufficient reason. Yes, he does, but he was not. Would he have said anything other than what your appellate brief says? He could have denied that he had a, yes, he could have. If he were given the opportunity, he would have denied the fact that he had a conviction. Would he have said, well, this conviction is actually from a different person of the same name? No, he would have said that it was his understanding that he, I believe that he would have said it wasn't the trial counsel, but he should have said that he was not given the, he was given the opportunity to cleanse his record as long as he completed his supervision and was told it would not count as a conviction. And I'd like to reserve the remaining time I have for rebuttal, please. Thank you. Certainly, counsel. Mr. Wolfe. Good morning, Your Honors. May it please the Court, just briefly to address the sufficiency of the evidence argument. I think you hit the nail on the head when you asked if Mr. Lopez himself had shown up in the parking lot. Would that constitute a substantial step? And the answer is yes. And so he can't place someone else in his shoes under the aiding and abetting statute, specifically Section 2B. So by sending Mr. Linares instead of himself, there's no distinction. And so unless there are any other questions concerning that issue, I'd like to move on to the Section 851 issue. Judge Easterbrook, you brought up, I believe, Section 920 of Title 18, which was amended or that was put in place after the Dickerson against New Banner Institute decision. My understanding is that statute doesn't inform Title 21 of what constitutes a conviction, but is speaking to civil disabilities of owning or possessing a firearm under Title 18. And what Ms. Lopez brought up was a provision anyway of Texas law under Article 42. And what's interesting, even if state law did apply, Section 5C of Article 42.12 addresses two different ways that conviction can or cannot be used. First, it may not be deemed a conviction, a deferred prosecution, for purposes of disqualification of disabilities imposed by law for an offensive conviction. So that is speaking to it can't be used to take away civil disabilities if you successfully complete the deferred prosecution, which would speak to why the main district court, to which Ms. Lopez refers, said that that defendant in that case couldn't be convicted of a 922 felon in possession offense based on a deferred prosecution in Texas that he successfully completed. But the statute or the article continues. It says, however, if a defendant is convicted of a subsequent offense, the fact that he had previously received community supervision with deferred adjudication of guilt shall be admissible before the court or jury to be considered on an issue of penalty. So even if state law did control, which we suggest it does not, we would say that this informs how a deferred prosecution can be used if the defendant is subsequently prosecuted. But Judge Easterbrook. Now, Mr. Walters, isn't there a real picture that a defendant will plead guilty as part of a deferred adjudication situation even if he has a viable defense on the understanding that the conviction will be erased from his record and therefore will be the equivalent of, well, an acquittal? How do we trust guilty pleas where a defendant believes that the guilty plea will be the equivalent of an acquittal? You know, once he completes his probation. I believe we start by trusting guilty pleas by taking the defendant at his word under oath in the guilty plea that he is, in fact, guilty. So I think then to add to that, I mean, Dickerson against New Banner Institute really did address this, that Mr. Kennison himself in that case may have very well pleaded guilty to get the benefit of the non-entry of judgment and then the expungement of that. And even so, the Supreme Court in Dickerson against New Banner Institute said, for purposes of the federal definition of conviction, the solemn event of a plea followed by a probationary sentence, irrespective of if a judgment is entered, shall constitute a conviction for purposes of federal law. And so whatever subjective motives a defendant may have for that solemn event, we do have to take him or her at his word that they are, in fact, guilty  Do you agree, Mr. Walters, that the district court did not follow the procedure here in 851B where after the conviction and before the sentencing, he's directed to advise the defendant of the prior convictions and ask him if he has any objection to them? I do agree that he did not follow the letter of the law under 851 of conducting a personal colloquy with the defendant. Unfortunately, I don't know if Judge Bruce is unique in this particular circumstance, but this court is also clear that the harmless air standard applies to a failure to conduct a colloquy. Did the government raise that issue with him at the time, suggesting that he followed that procedure? We did not, Your Honor. From my review of the sentencing transcript, we did not ask the court, would you please conduct a personal colloquy with Mr. Lopez? And if the court had done that under the statute in the burden or under 851 and the burden had shifted to the government to prove the convictions, did you have certified copies of the convictions or would you have been able to meet that burden? I don't have the certified copies myself, and so I'm guessing that we did not. We probably would have asked for a continuance to be able to obtain it. But what's interesting, even today she said, we do not deny that this deferred adjudication occurred. And so what we are looking at is not a historical fact argument but a legal argument, and the government's burden under 851 to prove the prior conviction, Your Honor, applies only to proving the historical fact of the conviction. Whether that conviction itself or deferred adjudication constitutes a conviction under 841 for purposes of recidivist sentencing purposes is purely a question of law. So our burden wouldn't have been, I assume that, I can only assume given counsel's representation, that Mr. Lopez wouldn't have falsely denied that deferred adjudication in Texas, particularly given that they have devoted a substantial portion of their brief to arguing why that deferred adjudication is not a conviction under Title 21 of Section 841. Unless there are other questions from the court, we would rely on our brief and ask that the court affirm the judgment in all respects. Thank you, counsel. Anything further, Ms. Lopez? Your Honor, with regard to Judge Easterbrook's question earlier on the Texas case as well as Judge St. Eve's question on the Texas case, I did cite a case in my brief when I briefly discussed in the Alterra case from the District of Maine. Davis v. State from the Criminal Court of Appeals on page 32 and 33 in our brief says the defendant reaps the main benefit of deferred adjudication if the period of community supervision is successfully completed without the judge's proceeding to adjudicate guilt. Then the proceedings are dismissed, the defendant is discharged, and the defendant may not be deemed to have a conviction for the purposes or disqualifications of disabilities imposed by law. And we would rely on that case in regard to the Texas highest court and should this court, when this court looks to deciding this case. Secondly, the 851B colloquy, the failure of the district court judge to conduct that was not harmless for the reason that, for if no other reason than the extreme sentencing disparity that that was created in this case. Going from a sentence of having an outdate for 20 years versus having no outdate under a life sentence was not harmless, beyond a reasonable doubt. And this court stated how important the 851B colloquy was in Arroyo Montoya back in 1995. And for those reasons and the reasons stated in our brief, we ask this court to reverse Mr. Lopez's conviction and also reverse and remand this case for resentencing. Thank you. Thank you very much, counsel. The case is taken under advisement.